JUDGE BRICCETTI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MITCHELL QUATINETZ, on behalf of himself
and all others similarly situated

                         Plaintiffs,                  **COMPLAINT-CLASS ACTION**
                                                  **JURY TRIAL REQUESTED**

v.

EASTERN REVENUE, INC.

                        Defendant.
------------------------------------------------------------X

14 CV 10254



## INTRODUCTION

1.    Plaintiff brings this action to secure redress from unlawful collection practices engaged in by defendant Eastern Revenue, Inc. ("Eastern Revenue"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4.   Venue and personal jurisdiction in this District are proper because:

        a.   The collection communication at issue was received by plaintiff within this District;

        b.   Defendant does business within this District.

## **PARTIES**

5.   Plaintiff is a "consumer" as defined by the FDCPA.

6.   Defendant, Eastern Revenue, Inc is a Pennsylvania corporation with an address of 998 Old Eagle School Rd Suite 1204 in Wayne, Pennsylvania 19087.

7.   Eastern Revenue is a "debt collector" as that term is defined by the FDCPA. This is in accordance with what its website http://www.easternrevenue.com states as of December 22, 2014.

## **FACTS**

8.   Plaintiff attended Bard College for a few days of the fall 2014 semester after which he quickly learned that the school was not what he believed it would be and he immediately left.

9.   A bill was sent to "Parent/ Guardian of: Mitchell A. Quatinetz" on September 8, 2014 for $6,714.76.

10. A bill was sent to "Parent/ Guardian of: Mitchell A. Quatinetz" on October 2, 2014 for $6,781.91.

11. Plaintiff received the collection letter attached to the complaint as Exhibit A.

12. At the time Plaintiff was sent the collection letter his account was allegedly in default.

13. The letter was the initial written communication from Eastern Revenue.

14. The letter states "Amt Owed" and below that "8921.61".

15. On the bottom of the letter it states "Balance: $8921.61"

16. Upon information and belief, the increase from a balance of approximately $6,700 to a balance of almost $9,000 is due to a collection fee or a cost imposed on the account in an amount of 33.33% by Eastern Revenue.

17. There is no indication from the collection letter that a collection fee is being imposed.

18. The collection fee represented Eastern Revenue's anticipated compensation for collecting the account.

19. The collection fee was a contingent fee agreed to by Eastern Revenue and Bard College, i.e. the collection fee was a predetermined percentage of the total amount recovered for Bard College.

20. Only when Eastern Revenue was successful in recovering all or part of the principal amount was it entitled to its contingent fee.

21. If Eastern Recovery did not recover funds it was not entitled to any fees.

22. At the time the Letters were sent to the Plaintiffs no funds had been recovered by Eastern Recovery on behalf of Bard.

23. Because nothing had been recovered, Eastern Recovery was not entitled to its contingent compensation and the Plaintiff was not liable for the Collection Fees.

24. The Collection Fees bear no relation to and are substantially greater than costs actually incurred by Eastern Revenue or Bard in their attempts to collect the account.

25. Upon information and belief, the Letter is an example of a form letter, substantially similar to thousands of letters sent to consumers across the country.

26. In each instance Eastern Revenue attempted to collect a Collection Fee which had not been incurred.

27. This practice misleads consumers by creating the false impression that consumers have incurred a collection fee due and owing.

28. Eastern Revenue's practice misleads consumers by creating the false impression that the one third (33.33) percent collection fee accurately states the costs incurred by the original creditor in connection with collection of accounts.

CLAIM FOR RELIEF

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The collection letter violates 15 U.S.C. §§1692 and the specific subsections of the FDCPA listed below.

31. Section 1692e entitled False or Misleading Representations provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:....

(2) The false representation of-

       (A) the character, amount, or legal status of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

32. Section 1692f entitled Unfair Practices provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. Section 1692g entitled Validation of Debts provides:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

34.  Eastern Revenue's mailing of the attached collection letter violated the above portions of the quoted statute.

35.  Eastern Revenue is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

36.  Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

37.  The class consists of (1) all consumers (2) with a New York address (3) who were sent a collection letter by the Defendant (4) which was not returned as undeliverable (5) where the amount of the debt included a collection fee (6) which had not been incurred (7) on or after a date one year prior to the date of the filing of this action.

38. The class is so numerous that joinder of all members is not practicable. Above Plaintiff's address there is a bar code which is used for large mailings. On information and belief, there are at least 40 members of the class.

39. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether adding a collection fee to the balance of the debt when it had not yet been incurred violates the FDCPA.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

    (1)  Statutory damages;

    (2)  Attorney's fees, litigation expenses and costs of suit;

    (3)  Such other and further relief as the Court deems proper.

Dated: December 22, 2014

**The Law Offices of Shimshon Wexler, PC**

By: _____
Shimshon Wexler
*Attorney for Plaintiff*
216 W. 104th St., #129
New York, NY 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

Plaintiff requests a trial by jury on all issues so triable.

By: _____
Shimshon Wexler


"EXHIBIT A"

# Eastern Revenue

**PO Box 185 • Southeastern PA 19399-0185 • Tel: (484) 956-8672 • Toll Free: (866) 337-8875**

November 21, 2014  
Account Number: 811821

Creditor: BARD COLLEGE, TUITION 1  
Regarding: FALL 2014  
Amt Owed: 8921.61

MITCHELL QUATINETZ  
2 Meadow Rd  
Scarsdale NY 10583-7619

Dear MITCHELL QUATINETZ:

The above referenced creditor has placed your delinquent account with this office for collection. Assuming your failure to pay this obligation is due to an oversight, we are mailing this notice in advance of any collection activity by our office so that you may have the opportunity to make payment in full.

**This is an attempt to collect a debt, any information obtained will be used for that purpose.** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Make your check or money order payable to:

Eastern Revenue  
PO Box 185  
Southeastern, PA 19399-0185

All payments should come directly to our office attention Mr. Banks. If you would like to pay by phone, please notify us at (866) 337-8875. If you prefer us to send you all notices via email, please contact emails@easternrevenue.com. Please reference account number 811821 on all correspondence.

---

*** Detach Lower Portion And Return With Payment ***    1469-SDEAST10-A1-7/18/12

A credit card processing fee will be added to this amount. $15.00 for payments of $500.00 and less. 5% will be added to payments over $500.00.

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard   VISA   DISCOVER

| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

Y1777058D6

PO Box 185  
Southeastern PA 19399-0185  
ADDRESS SERVICE REQUESTED

 Scan Here To Pay Online

0008120024014435169810583761902-1YA-Y1777058D6 1469

A1 - 1469  
MITCHELL QUATINETZ  
2 Meadow Rd  
Scarsdale NY 10583-7619

Account Number: 811821  
Balance: $8921.61

Eastern Revenue  
PO Box 185  
Southeastern PA 19399-0185

